B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>EDUCATIONAL TECHNICAL COLLEGE, INC. | **DEFENDANTS**<br>ATUE REAL ESTATE S.E. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>C. CONDE & ASSOC.<br>254 DE SAN JOSE ST.<br>SUITE 5<br>SAN JUAN, PR 00901<br>(787) 729-2900 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
DECLARATORY JUDGMENT, DETERMINATION OF PROPERTY OF THE ESTATE UNDER SECTION 541 OF THE BANKRUPTCY CODE, VIOLATION OF THE AUTOMATIC STAY AND SANCTIONS UNDER SECTIONS 362 AND 105 OF THE BANKRPTCY CODE, AVOIDANCE OF TRANSFERS UNDER SECTIONS 541, 547 AND 548 OF THE BANRUPTCY CODE AND TURNOVER OF PROPERTY OF THE ESTATE UNDER SECTION 542 OF THE BANKRUPTCY CODE

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $261,675.38 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>EDUCATIONAL TECHNICAL COLLEGE, INC. || BANKRUPTCY CASE NO.<br>21-02392 (EAG) ||
| DISTRICT IN WHICH CASE IS PENDING<br>PUERTO RICO || DIVISION OFFICE<br>SAN JUAN | NAME OF JUDGE<br>HON. EDWARD A. GODOY |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>AUGUST 18, 2021 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>CARMEN D. CONDE TORRES, ESQ. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE:<br><br>EDUCATIONAL TECHNICAL COLLEGE INC.<br><br>Debtor | CASE NO.: 21-02392 (EAG)<br><br><br><br>CHAPTER 11 |
|---|---|
| EDUCATIONAL TECHNICAL COLLEGE INC.<br><br>Plaintiff<br><br>Vs.<br><br>ATUE REAL ESTATE S.E.<br><br>Defendant | ADVERSARY PROC. NO.<br><br>CLAIM FOR:<br><br>DECLARATORY JUDGMENT, DETERMINATION OF PROPERTY OF THE ESTATE UNDER SECTION 541 OF THE BANKRUPTCY CODE, VIOLATION OF THE AUTOMATIC STAY AND SANCTIONS UNDER SECTIONS 362 AND 105 OF THE BANKRUPTCY CODE, AVOIDANCE OF TRANSFER UNDER SECTION 541, 547 AND 548 OF THE BANKRUPTCY CODE AND TURNOVER OF PROPERTY OF THE ESTATE UNDER SECTION 542 OF THE BANKRUPTCY CODE. |

### COMPLAINT

**TO THE HONORABLE COURT:**

    **COMES NOW**, Educational Technical College, Inc., hereinafter the Debtor, through the undersigned attorney and very respectfully STATES and PRAYS:

### JURISDICTION

1.    The jurisdiction of this Honorable Court arises from 28 USC§ 157(b)(2)(A), 1334 and 11 USC§§ 105, 362, 541, 542. 547, 548 and 540.

1

## THE PARTIES

2. The Debtor is a corporation duly authorized to do business in the Commonwealth of Puerto Rico since 1982. Its postal address is PO Box 364026, San Juan, PR 00936-0426.

3. The Defendant, ATUE Real Estate S.E. is upon information and belief a duly organized partnership authorized to do business in the commonwealth of Puerto Rico. Its postal address is Apartado 458, Cataño, PR 00963.

## THE FACTS

4. On July 21, 2020, the Court of First Instance, Bayamón Superior Court issued a judgment against the Debtor in the amount of $470,626.98 in case no.: DCD2018-0192, styled *ATUE Real Estate S.E. v. EDUTEC, Inc., Educational Technical College, Inc. et als*.

5. On or about July 6, 2021, ATUE Real Estate S.E. requested the execution of the judgment and the Court of First Instance issued a writ for execution of judgment on July 13, 2021.

6. On August 4, 2021, ATUE Real Estate S.E. proceeded to execute the judgment and garnished the following bank accounts held by the Debtor in Banco Popular de Puerto Rico ("BPPR"):

    a. Account No.: 051-xxx-2346: $103,738.48

    b. Account No.: 051-xxx-2184: $51,242.33

    c. Account No.: 051-xxx-2591: $1,604.44

    d. Account No.: 051-xxx-2745: $133.39

    e. Account No.: 051-xxx-4885: $525.46

    f. Account No.: 052-xxx-3151: $1,791.94

    g. Account No.: 052-xxx-5156: $1,639.34

7. On August 5, 2021, the Debtor advised ATUE Real Estate, S.E., through its legal counsel, that part of the funds which were garnished were federal funds destined to pay incentives and financial aid to the students.

8. The Debtor advised ATUE Real Estate S.E. that Account No.:051-xx4885 is a restricted account destined to receive the college and work and study program incentive from the Federal Department of Education.

9. The Debtor informed ATUE Real Estate S.E. that from its operational account, Account No.: 051xx2346, there were funds belonging to incentives under the CARES ACT s in the total amount of $44,658.30. These funds represent checks that were issued as per the list herein attached as **Exhibit 1**.

10. ATUE Real Estate S.E. has not returned the funds that were garnished from Debtor's restricted account and those which are for the CARES Act payments in the amount of $44,658.30.

11. On August 9, 2021, the Debtor filed the instant Bankruptcy Case (the "Petition Date"). See Docket No. 1. Upon the filing of the bankruptcy petition and by virtue of Section 362 of the Bankruptcy Code, the "bankruptcy estate" of the Debtor was created.

12. Section 101(53) of the Bankruptcy Code defines a statutory lien. The definition specifically excludes "security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute." 11 U.S.C. §101(53) (emphasis supplied). Therefore, the garnishment of the Debtor's funds cannot be considered a judicial lien.

3

## FIRST CAUSE OF ACTION
## DECLARATORY JUDMENT THAT THE FUNDS CONSTITUTE PROPERTY OF THE ESTATE UNDER SECTION 541 OF THE BANKRUPTCY CODE

13. The Debtor repeats and reaffirms each of the allegations contained above from 1-12, as if fully set forth herein at length.

14. Section 541 of the Bankruptcy Code defines "Property of the Estate" as including all legal or equitable interest of the Debtor in property, wherever located or by whoever held.

15. The funds received by ATUE Real Estate S.E., are funds that were withdrawn from the Debtor's bank accounts at BPPR. The Debtor has an interest in these funds since they were withdrawn from the Debtor's accounts at BPPR and belong to the Debtor.

16. These funds are needed for the reorganization and operations of the Debtor in order to carry out its businesses and provide services to its students.

17. Furthermore, ATUE Real Estate S.E. illegally garnished those funds in Debtor's restricted account and its operational account which are on account of the various federal incentive programs including the CARES Act.

18. The Debtor is herein requesting Declaratory Judgement that the garnished funds in the possession of ATUE, in the total amount of $160,675.38, withdrawn from the Debtor's BPPR's bank accounts detailed above are property of the estate.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE AUTOMATIC STAY

19. The Debtor repeats and reaffirms each of the allegations contained above from 1-18 as if fully set forth herein at length.

20. The provisions of the Bankruptcy Code governing the automatic stay prevent "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 USC § 362(a)(3).

4

21. Once the Debtor filed its petition under Chapter 11 of the Bankruptcy Code, the automatic stay provision of 11 USC § 362(a) came into force and operated "ex proprio vigore". Indeed, "the stay springs into being immediately upon the filing of a bankruptcy petition: because the automatic stay is exactly what the name implies–automatic–it operates without the necessity for judicial intervention." Sunshine Dev. Inc., v. FDIC, 33 F.3d 106, 113 (1st Cir. 1994).

22. The automatic stay is "among the most basic of debtor protections under bankruptcy." Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 503 (1986). The automatic stay imposes on non- Archdiocese parties an affirmative duty of compliance and Courts must display a certain rigor in reacting to violations of the automatic stay. See Rivera v. Oriental Bank (In re Rivera), 558 B.R. 36, 40 (Bankr. D.P.R. 2016) (citation omitted).

23. Section 362(a) of the Bankruptcy Code specifically provides as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USCS § 78eee(a)(3)], operates as a stay, applicable to all entities, of—

(1) <u>the commencement or continuation</u>, including the issuance or employment of process, <u>of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title</u>;

(2) <u>the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title</u>;
11 U.S.C. §362(a)(1) and (2) emphasis supplied.

24. As of this date ATUE or its authorized representative has withheld funds that rightfully belong to the Debtor in willful violation of the automatic stay.

5

25. ATUE was immediately informed of the filing of the Bankruptcy Petition and has had full knowledge of the automatic stay and, it has willfully continued to deprive the Debtor of the funds that it received in violation of the Automatic Stay. **Exhibit 2**

26. ATUE incurred in a violation of the automatic stay.

## THIRD CAUSE OF ACTION
## DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY

27. The Debtor repeats and reaffirms each of the allegations contained above from 1-26 as if fully set forth herein at length.

28. A bankruptcy court may award the corresponding damages to the Debtor for violation of the automatic stay under its contempt powers pursuant to 11 U.S.C. §105(a).

29. Creditors have a duty to undue actions that constitute a violation of the automatic stay. See In re Wright, 75 B.R. 414 (M.D. Fla. 1987). Failure to take action on part of a creditor is a willful violation of the automatic stay. See In re Taylor, 190 B.R. 459 (Bankr. S.D. Fla. 1995); Mitchell Constr. Co. v. Smith (In re Smith), 180 B.R. 311 (Bankr. N.D. Ga. 1995).

30. "A violation of the stay is punishable as contempt of court. Most courts will impose contempt sanctions for a knowing and willful violation of a court order, and the automatic stay is considered as equivalent to a court order." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy §362.12[2] (16th ed. 2018). See also, Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.), 346 F.3d 1, 7 (1st Cir. 2003); In re Horned Dorset Primavera, Inc., 2018 Bankr. LEXIS 2220 (Bankr. D.P.R, 2018).

31. In the case of In re Soto Rios, 2009 Bankr. Lexis 2992 (Bankr. D.P.R. 2009) this district held that the standard for willful violation of the stay is met if "there is knowledge of the stay and if the Defendant intended the actions which constituted the violation." Id at 13-14. Debtors do not need to prove damages only that there was a willful violation of the

automatic stay. See A&E Holdings v. Azra Inv. Corp. (In re Azra Inv. Corp.), 2006 Bankr. LEXIS 4804 (B.A.P. 9th Cir. 2006) (upholding the imposition of sanctions against creditor that violated the automatic stay when no actual damages where proven).

32. In the instant case it is clear that ATUE had full knowledge of the filing of the Bankruptcy Case and willfully refused the opportunity provided by the Debtor to comply with the obligations imposed to him by the Automatic Stay.

33. As of this date ATUE has continued to withhold $160,675.38 from the Debtor and the bankruptcy estate.

34. ATUE's acts constitute contempt of the automatic stay and the order of this Honorable Court.

35. Damages in favor of the Debtor shall be imposed by this Honorable Court. Damages to be imposed shall not be less than $100,000.00.

## FOURTH CAUSE OF ACTION
## AVOIDANCE UNDER SECTION 547

36. The Debtor repeats and reaffirms each of the allegations contained above from 1-35 as if fully set forth herein at length.

37. The garnishment made by ATUE is in order to satisfy in part the judgment obtained against the Debtor and constitute payments on account of an unsecured antecedent debt.

38. The garnishment was made on August 4, 2021, that is within the 90 days prior to the bankruptcy filing.

39. The Debtor received no consideration or contemporaneous exchange on account of this garnishment. Nor was the garnishment a transaction made in the ordinary course of Debtor's business.

7

40. These transfers were made while the Debtor was insolvent or led the Debtor to insolvency, since the Debtor was left without funds to operate and be able to pay its debts as they become due. Furthermore, the garnishment of all of the funds in the BPPR bank accounts, including the funds in its operational and payroll account prompted the bankruptcy filing.

41. These transfers enable ATUE to receive more than what it would receive under Chapter 7 if the transfers had not been made.

42. Pursuant to 11 USC 547 of the Bankruptcy Code the Debtor is entitled to recover the amounts garnished by ATUE, as preferential transfers.

43. The funds should be turned over to the Debtor for its reorganization, since they constitute property of the estate.

## FIFTH CAUSE OF ACTION
## AVOIDANCE UNDER SECTION 548

44. The Debtor repeats and reaffirms each of the allegations contained above from 1-43 as if fully set forth herein at length.

45. In addition or in the alternative ATUE's actions constitute an avoidable transaction under Sections 548 and 550 of the Bankruptcy Code.

46. Section 548 of the Bankruptcy Code allows a Debtor or Trustee to avoid transactions which unfairly or improperly deplete a debtor's assets or that unfairly or improperly dilute the claims against those assets. Included within its scope are transfers of real or personal property, as well as obligations incurred such as guaranties. Moreover, despite the use of the term "fraudulent" in its title, section 548 reaches transactions which are not frauds. Any transaction made by a financially impaired debtor for less than an even exchange of value is vulnerable.

8

47. "For a transaction to be avoided under section 548(a)(1)(B), the debtor must have 'received less than a reasonably equivalent value in exchange for such transfer or obligation … .'" 5-548 Collier on Bankruptcy P 548.05

48. Courts have determined that there is a two factor test in determining if there was equivalent value in exchange for the transfer of property: 1) the court must determine whether the debtor received any "value" in the transaction; 2) the court must determine whether the value received was "reasonably equivalent" to what the debtor transferred. See Pension Transfer Corp. v. Beneficiaries under the Third Amendment to Fruehauf Trailer Corp. Retirement Plan No. 003 (In re Fuehauf Trailer Corp.), 444 F.3d 203, 212–214 (3d Cir. 2006); Sender v. Buchanan (In re Hedged-Investments Assocs., Inc.), 84 F.3d 1286, 1289, 35 C.B.C.2d 1424 (10th Cir. 1996); Gugino v. Ortega (In re Pierce), 428 B.R. 524, 530 (Bankr. D. Idaho 2010).

49. It is undisputed that ATUE garnished the funds in Debtor's BPPR's bank accounts since they had the Debtor's Employer Identification Number; as such, those funds constitute property of the estate.

50. Therefore, it is clear that the Debtor's funds were transferred without any consideration or value being received by the Debtor. This transaction fits squarely within the confined of a fraudulent transfer under Section 548 of the Bankruptcy Code.

51. The garnished funds are property of the estate under Section 541 of the Bankruptcy Conde which can be used by the Debtor for the benefit of the Estate under Section 363 of the Bankruptcy Code to provide payment to creditors of the estate.

## SIXTH CAUSE OF ACTION
## RECOVERY UNDER SECTION 550 OF THE BANKRUPTCY CODE

52. The Debtor repeats and reaffirms each of the allegations contained above from 1-51 as if fully set forth herein at length.

53. In addition or in the alternative ATUE's actions constitute an avoidable transaction under Sections 547, 548 and 550 of the Bankruptcy Code.

54. Section 550(a) generally endows the trustee, once he has avoided a transfer pursuant to Sections 547 or 548, with the ability to recover for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

>   (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made, or

>   (2) any immediate or mediate transferee of such initial transferee.

55. In the instate case it is undisputed that prior to the bankruptcy filing ATUE executed the garnishment of Debtor's bank accounts in BPPR and that $160,675.38 were tendered to ATUE and/or its authorized representative.

56. The Debtor is entitled to the garnished funds from ATUE as the same are property of the bankruptcy estate and have been fraudulently and/or preferentially transferred in the detriment of the Debtor, the bankruptcy estate, and all other creditors. See In re Southeast Hotel Properties Ltd. Partnership, 99 F.3rd 151, 154 (4th Cir. 1996) ("trustee's power to recover from entity for whose benefit transfer was made is also absolute").

57. Therefore, the Debtor is herein requesting that the $160,675.380 transferred to ATUE and/or its authorized representative be returned to the Bankruptcy Estate for the benefit of all creditors.

## SEVENTH CAUSE OF ACTION
## TURNOVER OF PROPERTY OF THE ESTATE UNDER SECTION 542 OF THE BANKRUPTCY CODE

58. The Debtor repeats and reaffirms each of the allegations contained above from 1-57, as if fully set forth herein at length.

59. Section 542 of the Bankruptcy Code allows the Debtor or Trustee to request the turnover of funds, which constitute property of the estate, even if the funds were seized by a creditor prior to the filing of a bankruptcy petition. United States v. Whiting Pools, 462 U.S. 198, 209 (1983).

60. ATUE or any third party in possession of the $160,675.38, shall immediately turnover to the Debtor the funds withdrawn from BPPR's account in the amount of no less than $160,675.38, under Section 542 of the Bankruptcy Code. See In re Empire for Him, Inc,. 1 F.3d 1156, 1160 (11th Cir. 1993).

**WHEREFORE** the Debtor very respectfully requests this Honorable Court grant the following relief:

(a) Enter Declaratory Judgement that the funds garnished from Debtor's accounts in the amount of $160,675.38 on August 4, 2021, constitute property of the estate;

(b) Enter an Order to ATUE and/or its authorized representative ordering the immediate turnover of garnished funds to the Debtor in the amount of no less than $160,675.38;

(c) Conclude that ATUE has violated the Automatic Stay;

(d) Enter Judgement finding that ATUE disobeying the Order of Stay, of which he was notified, incurred in contempt of Court, and caused damages to the Debtor and as such the Debtor is entitled to at least $100,000.00 in damages.

(e) Enter Judgement finding that the transfer of the funds from the Debtor's accounts at BPPR

11

to ATUE, is a preferential transfer under Section 547 of the Bankruptcy Code.

(f) Enter Judgement finding that the transfer of the funds from the Debtor's accounts at BPPR to ATUE, is a fraudulent transfer under Section 548 of the Bankruptcy Code and is therefore null and void.

(g) Enter Judgement allowing the Debtor to recover at least the $160,675.38 fraudulently taken under Sections 548 and 550 of the Bankruptcy Code.

(h) Enter any other relief that the Court may deem appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of August 2021.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Defendants and on this same date a copy of this complaint is sent via first class mail to ATUE.

**C. CONDE & ASSOC.**
Attorney for Debtor
San Jose Street #254, 5th Floor
San Juan, PR 00901-1253
Tel: (787) 729-2900
Fax: (787) 729-2203
Email: condecarmen@condelaw.com

*S/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC No.: 207312

*S/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No.: 215611

*S/William Alemañy-Méndez*
William Alemañy Méndez, Esq.
USDC No.: 305201



## CARES ACT

| CK.# | NAME | AMOUNT |
|---|---|---|
| 21201 | LEYLANIE CLAUDIO | 3,768.00 |
| 21212 | MARGARITA BORRERO | 1,981.00 |
| 21214 | ALEXANDRA OTERO | 1,981.00 |
| 21236 | KAMILA RIVERA | 298.84 |
| 21237 | YUAN RIVERA | 270.00 |
| 21238 | AMNERYS BERNABE | 340.00 |
| 21239 | YOLANDA DIAZ | 120.00 |
| 21240 | ANADNUSHKA OLIVO | 536.00 |
| 21241 | ITZA MEDINA | 804.00 |
| 21242 | CARLA GONZALEZ | 200.00 |
| 21246 | LUZ NAZARIO | 377.00 |
| 21247 | EDWIN PEREZ | 13.72 |
| 21248 | TANIA SANTIAGO | 14.00 |
| 21249 | STEPHANIE ORTIZ | 577.00 |
| 21250 | LUIS GARCIA | 533.00 |
| 21251 | KRIZZIA GONZALEZ | 122.00 |
| 21252 | LISET LUGO | 102.00 |
| 21253 | ABIGAIL CHERVON | 52.00 |
| 21254 | CARLOS VELAZQUEZ | 211.00 |
| 21255 | FELIANA JONES | 623.75 |
| 21256 | GENESIS RIVERA | 795.00 |
| 21262 | ALEXANDRA OTERO | 56.51 |
| 21279 | MANUEL GUZMAN | 1,981.00 |
| 21280 | JUAN ROMAN | 1,981.00 |
| 21284 | KIMBERLY GARCIA | 1,981.00 |
| 21289 | MANUEL RUBERT | 1,981.00 |
| 21292 | MICHELLE PEREZ | 1,507.25 |
| 21293 | JONATHAN PEREZ | 1,307.25 |
| 21294 | KIARA ORTIZ | 1,981.00 |
| 21300 | ALICE REYES | 1,981.00 |
| 21301 | YADIELYS LOPEZ | 1,981.00 |
| 21303 | DINALYS LOPEZ | 1,981.00 |
| 21306 | CLARITZA PADILLA | 1,307.25 |
| 21307 | MARIAN RIVERA | 1,503.50 |
| 21308 | RICARDO LEON | 1,981.00 |
| 21310 | JORDI DEJESUS | 1,981.00 |
| 21311 | KAMELIE NEGRON | 1,981.00 |
| 21319 | PAMELA GONZALEZ | 259.13 |
| 21321 | MICHELLE PEREZ | 473.75 |
| 21322 | JONATHAN PEREZ | 673.75 |
| 21324 | CLARITZA PADILLA | 673.75 |
| 21327 | ERIC TORRES | 500.00 |

| | | |
|---|---|---:|
| 21329 | KIARA ORTIZ | 88.75 |
| 21330 | ROSA GUTIERREZ | 99.16 |
| 21331 | JAHN VEGA | 236.70 |
| 21334 | KENNETH BADILLO | 461.24 |
| | TOTAL | 44,658.30 |

Estos cheques corresponden al dinero enviado por el Departamento de Educación para los estudiantes
El dinero se depositó en la cuenta corriente y se emitieron los cheques.
Estos son los cheques que no se han cobrado aún.
Este dinero no es de nuestros fondos le pertenece a los estudiantes y el gobierno espera que
le enviemos prueba que los estudiantes cobraron su dinero.



EXHIBIT 2

**C. CONDE & ASSOC.**

LAW OFFICES

254 SAN JOSE STREET

SUITE 5

SAN JUAN, PUERTO RICO 00901-1523

TELEPHONE (787) 729-2900

TELECOPIER (787) 729-2203

E-mail: condecarmen@condelaw.com

August 10, 2021

**BY REGULAR MAIL AND ELECTRONIC MAIL**

Carlos A. González Soler, Esq.
Cancio, Nadal & Rivera, L.L.C.
PO Box 364966
San Juan, PR 00936-4966
Email: cgonzalez@cnr.law

Re: Edutec, Inc., Educational Technical College, Inc. et. Als.
Case No.: 21-02392 (EAG)

Dear Mr. González:

  Our firm represents Educational Technical College, Inc. ("Edutec") in its reorganization process pursuant to Chapter 11 of the Bankruptcy Code. On August 9, 2021, Edutec filed a petition for relief pursuant to the provisions of Chapter 11 of the Bankruptcy Code. We are herein enclosing copy of the Notice of Filing of the bankruptcy petition issued by the Bankruptcy Court for the district of Puerto Rico.

  Upon the filing of the bankruptcy petition and by virtue of Section 362 of the Bankruptcy Code, 11 USC 362, the bankruptcy estate of the Debtor is formed. Among the assets of the bankruptcy estate are certain funds currently being held in the possession of ATUE Real Estate S. E. ("ATUE") which belong to the Edutec. These funds were garnished and tendered to ATUE and/or its authorized representative on account of the Order entered by the First Instance Court, San Juan Part tin the State Court Litigation, Case No.: DCD2018-0192 (506).

  Upon the filing of the bankruptcy petition, the State Court Litigation is stayed and thus those funds must be returned to the estate pursuant to Section 362 and Section 542 of the Bankruptcy Code. Furthermore, as we had previously advised from the garnished accounts there were certain accounts that contained funds which Edutc had as a fiduciary since they are federal funds for the benefit of the students. We requested previously that these funds be turned over, yet ATUE has failed to do so and advised that the same were in the custody of its authorized representative who performed the garnishment.

Should ATUE or ATUE's representative fail to immediate turnover of the funds of Edutec, it would constitute a willful violation the automatic stay provisions and unlawful exercise of control and possession of property of the bankruptcy estate. This action would leave the Debtor no other alternative than to seek immediate intervention of the Bankruptcy Court and request the corresponding sanctions, attorney's fees and costs.

As we have previously stated we wish to resolve this issue in an amicable manner and avoid unnecessary litigation which will represent additional attorney's fees and costs to the parties. Feel free to contact the undersigned should you wish to discuss this matter.

Awaiting your prompt response I remain,

Cordially,

Luisa S. Valle Castro

Enclosures

9/9/2021                              CM/ECF - U.S. Bankruptcy Court:prb

United States Bankruptcy Court
District of Puerto Rico

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 08/09/2021 at 3:59 PM and filed on 08/09/2021.

EDUCATIONAL TECHNICAL COLLEGE, INC
PO BOX 360426
SAN JUAN, PR 00936
Tax ID / EIN: 66-0394187



The case was filed by the debtor's attorney:

CARMEN D CONDE TORRES
254 SAN JOSE STREET
5TH FLOOR
SAN JUAN, PR 00901-1523
787-729-2900

The case was assigned case number 21-02392-11.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.prb.uscourts.gov or at the Clerk's Office, Jose V Toledo Fed Bldg & US Courthouse, 300 Recinto Sur Street, Room 109, San Juan, PR 00901.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

MARIA DE LOS ANGELES
GONZALEZ
Clerk, U.S. Bankruptcy Court

| PACER Service Center |
|---|
| Transaction Receipt |