**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 21-03292 (EAG) |
| EDUCATIONAL TECHNICAL COLLEGE, INC., | Chapter 11 |
| Debtor. | |
| _____ | |
| | |
| EDUCATIONAL TECHNICAL COLLEGE, INC., | ADV. PROC. NO. 21-00085 (EAG) |
| Plaintiff, | |
| v. | |
| ATUE REAL ESTATE S.E. et al., | FILED & ENTERED ON 11/18/2021 |
| Defendants. | |

**OPINION AND ORDER**

Pending before the court is an Urgent Motion for Entry of a Preliminary Injunction to Request Immediate Turnover by Custodian of Property of the Estate Pursuant to 11 U.S.C. § 543 filed by plaintiff Educational Technical College Inc. ("Edutec," "plaintiff," or "debtor") and the opposition to it by defendant Atue Real Estate S.E. ("Atue"), joined by defendants A. Cordero Badillo, Inc. and Atilano Cordero Badillo. (Adv. Dkt. Nos. 42, 54 & 60, respectively.).[1] For the reasons stated below, the court denies the plaintiff's motion without prejudice.

---

[1]/Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

## I.     Jurisdiction.

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.)  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.     Procedural History.

On August 9, 2021, Edutec filed a petition for voluntary relief under chapter 11 of the Bankruptcy Code.  (Bankr. Dkt. No. 1.)  On August 18, 2021, Edutec filed an adversary complaint against Atue alleging that the creditor had garnished certain funds several days before the bankruptcy filing pursuant to a writ of execution of judgment entered in local court.  (Adv. Dkt. No. 1); see D CD 2018-0192. The complaint sought a declaratory judgment that those funds were property of the estate and must be turned over to Edutec.  Id.  It also included counts for turnover of property under section 542, violation of stay, and avoidance of preferential transfers under sections 547, 548, and 550.  Id.

On October 6, 2021, Edutec amended the complaint after allegedly being informed by Atue that the garnished funds were not in its possession but were instead being held in local court.  (Adv. Dkt. No. 17 at p. 2.)  The amended complaint added as defendants A. Cordero Badillo, Inc., the managing partner of Atue; Atilano Cordero Badillo, the sole shareholder and president of the board of directors of A. Cordero Badillo, Inc. (together, the "Cordero Badillo defendants.")  (Adv. Dkt. No. 17.)  It also included as defendants the marshal for the marshal's Office of the Court of First Instance, who is not identified by name; Hon. Domingo Emanuelli, the Secretary of Justice for the Commonwealth of Puerto Rico; and Hon. Sigfrido Steidel Figueroa, the head of the Puerto Rico Court's Administration Office (together, the "Puerto

Rico court defendants.") Id. The amended complaint also added a count for turnover of property held by a custodian under section 543. (Adv. Dkt. No. 17 at ¶¶ 86-90.)

On November 4, 2021, Edutec filed a motion for turnover of property under section 543, seeking the return of the garnished funds. (Adv. Dkt. No. 39.) The court denied this motion without prejudice to the plaintiff filing a request for preliminary injunction in compliance with Bankruptcy Rule 7065, Federal Rule 65(a) and (c), and Local Bankruptcy Rule 7065-1. (Adv. Dkt. No. 40.) The following day, on November 5, 2021, the debtor filed an Urgent Motion for Entry of a Preliminary Injunction to Request Immediate Turnover by Custodian of Property of the Estate Pursuant to Section 543. (Adv. Dkt. No. 42.) The court set the motion for a hearing on November 15, 2021, granted all properly served defendants a term to respond to Edutec's motion, and ordered the parties to file separate pre-hearing reports. (Adv. Dkt. No. 44.) The court also specifically ordered that Atue "be prepared to address whether the garnishment is an avoidable preference and provide legal authorities and propose facts supported by exhibit(s) and/or witness testimony to sustain its defense." Id.

On November 11, 2021, Atue moved to strike Edutec's motion for preliminary injunction on several procedural grounds. (Adv. Dkt. No. 50.) The debtor opposed, and the matter was set for the hearing. (Adv. Dkt. Nos. 52 & 53.) Atue filed its opposition to Edutec's request for preliminary injunction on November 12, 2021. (Adv. Dkt. No. 54.) That same day, Edutec filed its proposed findings of fact and conclusions of law as well as its exhibit and witness list, and Atue filed its pre-hearing report. (Adv. Dkt. Nos. 55, 56, & 57.) Edutec has since moved to strike a portion of Atue's pre-hearing report. (Adv Dkt. No. 61.) Also, on

November 12, 2021 the Cordero Badillo defendants appeared through counsel in the adversary proceeding and joined Atue's opposition. (Adv. Dkt. Nos. 58 & 60.)

On November 12, 2021, Hon. Sigfrido Steidel Figueroa in his official capacity and the Puerto Rico Court of Administration Office filed a motion informing the court that neither is in possession of the funds, and that they would comply with any order as to the disposition of the funds entered by the bankruptcy court in this case. (Adv. Dkt. No. 51.) The motions stated that for the funds to be turned over to the debtor, the bankruptcy court would need to enter an order so stating, and the Court of First Instance, Bayamon Superior Court, would need to enter an order for the withdrawal of the funds from the state court's deposit account. Id.

On November 15, 2021, the hearing was held. After hearing opening statements from the parties and considering several procedural issues, the court heard from the attorney for the Puerto Rico Department of Justice representing the Puerto Rico court defendants. She informed the bankruptcy court that it was her position that the Puerto Rico court parties named as defendants in the amended complaint would be able to give effect to any order the bankruptcy court entered as to the disposition of the funds. Atue and the Cordero Badillo defendants disagreed. The court resolved the controversy by ordering, with the consent of all parties, the transfer of the funds to the registry account of the bankruptcy court. (Adv. Dkt. No. 64.) In so doing, the court noted that "[t]he transfer of the Garnished Funds to the Bankruptcy Court does not change or alter the legal status of the Garnished Funds or the ownership interest of the Garnished Funds by any of the parties to this adversary proceeding, if any." Id.

4

Edutec called as its only witness Mr. Emilio Huyke, the debtor's president, who appeared via video conference. Mr. Huyke's unsworn statement under penalty of perjury was admitted into evidence and read into the record in lieu of his direct testimony. He was then sworn in for cross-examination and re-direct. The defendants did not call any witnesses. At the conclusion of the hearing, the bankruptcy court took the matter under advisement.

### III.    Findings of Fact.

After careful consideration of Mr. Huyke's testimony and the contents of the documents introduced as evidence, the court makes the following findings of fact.

On July 21, 2020, the Court of First Instance, Bayamon Superior Court, issued judgment against Edutec in the amount of $470,626.98 in case no.: D CD 2018-0192, Atue Real Estate S.E. v. EDUTEC, Inc., Educational Technical College, Inc. et al. (Adv. Dkt. No. 56-2 at p 1.) Almost a year later, on or about July 6, 2021, Atue requested the execution of judgment, and the Bayamon court issued a writ for the execution of judgment on July 13, 2021. Id. Five days prior to the filing of the bankruptcy petition, on August 4, 2021, Atue garnished several bank accounts held by Edutec at Banco Popular de Puerto Rico. Id. That same day, Banco Popular issued checks in favor of the marshal for the First Instance Court of Bayamon. (Adv. Dkt. No. 56-2 at p. 2.) On August 9, 2021, Edutec filed for bankruptcy. (Bankr. Dkt. No. 1.) By August 12, 2021, the garnished funds, totaling $161,262.92, had been deposited into the Bayamon court registry account. (Ex. 4.) It is undisputed that the garnished funds have never been in the possession of Atue.

The adversary proceeding of caption was filed on August 18, 2021. (Adv. Dkt. No. 1.) Edutec amended its complaint on October 6, 2021 to include a count under section 543 and

5

to add the Cordero Badillo and Puerto Rico court defendants. (Adv. Dkt. No. 17.) The Puerto Rico court defendants were served summons of the amended complaint on October 12, 2021, and the Cordero Badillo defendants were served summons of the amended complaint on October 13, 2021. (Adv. Dkt. No. 38.)

Mr. Huyke testified that Edutec is a technical college that provides vocational training in nursing, childcare, emergency service technicians, first responders and technical support, at two locations in Puerto Rico. (Adv. Dkt. No. 56-2 at pp. 3-4.) Edutec offers degrees at both the graduate and associate level, and Mr. Huyke indicated that the school also helps many students obtain their high school diploma.

He stated that the garnishment of the $161,262.92 has severely impacted Edutec's ability to continue operations. The school has not been able to pay its employees or fund its day-to-day operations. It has also been unable to procure new students due in part to an inability to fund a marketing campaign. (Adv. Dkt. No. 56-2 at p. 4.) Mr. Huyke testified that, due to the garnishment, Edutec's financial outlook is "dire" and he estimated that the school would only be able to operate for three or four more days. The court finds Mr. Huyke's testimony to be very credible on all matters.

### IV.     Legal Discussion.

At the outset of the hearing, the court informed the parties that it was consolidating under Rule 65 the hearing on Edutec's request for preliminary injunction with the trial on the merits of all counts of the amended complaint other than those for violation of the automatic stay. Atue and the Cordero Badillo defendants objected, arguing that they were entitled to at least limited discovery to mount their defense. The court now reconsiders its decision to consolidate the hearing with the trial on the merits, agreeing with the defendants

6

that discovery is warranted here. Thus, the court sets aside its decision to consolidate the hearing on Edutec's motion for preliminary injunction with the trial on the merits.

In light of this, the court considers Edutec's motion for preliminary injunction pursuant to section 543 under the four factors that govern such requests: (1) whether there is a likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm in the absence of interim relief; (3) whether preliminary relief will injure other parties; and (4) whether the public interest supports granting the injunction. Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, 794 F.3d 168, 171 (1st Cir. 2015). The critical factor of the four is the likelihood to succeed on the merits. Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 115 (1st Cir. 2006). "The balancing of harm is weighed in light of the likelihood to succeed." Arroyo v. Scotiabank de P.R. (In re Arroyo), 2013 Bankr. LEXIS 2683, at *4 (Bankr. D.P.R. June 28, 2013).

In this case, the court has serious doubts as to Edutec's likelihood of success of the merits and denies the motion for preliminary injunction on that basis.

Section 543(b) provides that "[a] custodian shall . . . deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case." 11 U.S.C. § 543(b)(1).

The term "custodian" is defined, in turn, under the Bankruptcy Code as:

> (A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title;
> (B) assignee under a general assignment for the benefit of the debtor's creditors; or
> (C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the

debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors.

11 U.S.C. § 101(11).

It is not clear that the marshal for the Bayamon Court of First Instance qualifies as a custodian under section 101(11). Looking to the statutory definition, the marshal is not a receiver or trustee of the garnished funds under section 101(11)(A), nor is he or she an assignee under a general assignment for the benefit of Edutec's creditors. 11 U.S.C. § 101(11)(A)-(B). This leaves only subsection 101(11)(C), which provides two additional bases for qualifying: the marshal would have to be a trustee, receiver, or agent under applicable law who was appointed or authorized to take charge of the property of the debtor either (i) for the purpose of enforcing a lien against such property, or (ii) because he or she has been appointed to take charge of the debtor's property for the purpose of general administration of such property for the benefit of the debtor's creditors. See In re Ohakpo, 494 B.R. 269, 280-81 (Bankr. E.D. Mich. 2013) (applying statutory construction rules to determine that section 101(11)(C) contains two distinct grounds, and that "for the benefit of the debtor's creditors" applies only to the latter).

At this stage in the proceedings, there is insufficient evidence on the record to establish that it is more likely than not that the Bayamon Court marshal fits either category. The garnished funds were not being administered for the benefit of all of Edutec's creditors; they were only for the benefit of one creditor, Atue. Nor is there evidence on the record establishing that there was a lien on Edutec's bank accounts. In fact, it has not even been established that final judgment has been entered in the state court case, meaning that all controversies have been resolved as to all defendants.

8

Given this, the court does not find that it is more likely than not that Edutec will prevail on the merits of its claim under section 543.  Cf. Ohakpo, 494 B.R. at 276-78 (finding court officer to qualify as custodian under section 101(11)(C) as an agent appointed by the state court who was authorized by court order to take debtor's personal property "for the purpose of enforcing a lien against such property to pay the judgment owed to [the creditor.]"); Skinner v. First Union Nat'l Bank (In re Skinner), 213 B.R. 335, 340 (Bankr. W.D. Tenn. 1997)(court concluded that sheriff was custodian under section 101(11)(C) given that creditor "had obtained an execution lien as a result of the sheriff's levy prior to the filing of the debtor's bankruptcy petition.")  In so stating, the court emphasizes that it is not here addressing the likelihood of success on the merits of any of the other counts in the amended complaint, nor is it making a final determination on the merits of Count 8 of the amended complaint.

Accordingly, the motion for preliminary injunction is denied without prejudice.

**V.     Conclusion**

Based on the foregoing, the court hereby denies Edutec's motion for preliminary injunction at docket number 42.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 18th day of November 2021.

Edward A. Godoy
U.S. Bankruptcy Judge

9