**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 21-02392 (EAG) |
| EDUCATIONAL TECHNICAL COLLEGE, INC., | CHAPTER 11 |
| DEBTOR. | |
| _____ | |
| EDUCATIONAL TECHNICAL COLLEGE, INC., | ADVERSARY NO. 21-00085 (EAG) |
| PLAINTIFF | |
| v. | |
| ATUE REAL ESTATE S.E. et al., | |
| DEFENDANTS. | FILED & ENTERED ON 08/05/2022 |
| _____ | |

**OPINION AND ORDER**

Pending before the court is a motion to dismiss filed by defendants Atue Real Estate, S.E. ("Atue"), A. Cordero Badillo, Inc., and Atilano Cordero Badillo (collectively, the "defendants"), and the opposition to it filed by debtor Educational Technical College, Inc. ("Edutec," "plaintiff," or "debtor"). For the reasons stated below, the court denies the motion to dismiss.

**I.  Jurisdiction.**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11

Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. Procedural History.

On August 9, 2021, Edutec filed a petition for voluntary relief under chapter 11 of the Bankruptcy Code. (Bankr. Dkt. No. 1.) On August 18, 2021, Edutec filed an adversary complaint against Atue alleging that the creditor had garnished certain funds several days before the bankruptcy filing pursuant to a writ of execution of judgment entered in local court. (Adv. Dkt. No. 1); see D CD 2018-0192. The complaint sought a declaratory judgment that those funds were property of the estate and must be turned over to Edutec. Id. It also included counts for turnover of property under section 542, violation of stay, and avoidance of preferential transfers under sections 547, 548, and 550. Id.

On October 6, 2021, Edutec amended the complaint after allegedly being informed by Atue that the garnished funds were not in its possession but were instead being held in local court. (Adv. Dkt. No. 17 at p. 2.) The amended complaint added as defendants A. Cordero Badillo, Inc., the managing partner of Atue; and Atilano Cordero Badillo, the sole shareholder and president of the board of directors of A. Cordero Badillo, Inc. (together, the "Cordero Badillo defendants.") (Adv. Dkt. No. 17.) It also included as defendants the marshal for the marshal's Office of the Court of First Instance, who is not identified by name; Hon. Domingo

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

Emanuelli, the Secretary of Justice for the Commonwealth of Puerto Rico; and Hon. Sigfrido Steidel Figueroa, the head of the Puerto Rico Court's Administration Office (together, the "Puerto Rico court defendants.") Id.  The amended complaint also added a count for turnover of property held by a custodian under section 543.  (Adv. Dkt. No. 17 at ¶¶ 86-90.)

On November 5, 2021, the debtor moved for a preliminary injunction, seeking the turnover of the funds from the marshal for the local court.[2] (Adv. Dkt. No. 42.)  A hearing was held on November 15, 2021, during which the court entered an order, with the consent of all parties, for the funds to be transferred to the registry account of the bankruptcy court.[3] (Adv. Dkt. No. 64.)  At the conclusion of the hearing, the court took the matter under advisement. (Adv. Dkt. No. 125.)  In an opinion and order dated November 18, 2021, the court denied the motion for preliminary injunction without prejudice, finding, among other things, that it was not clear from the record whether the marshal for the Bayamon Court of First Instance qualified for purposes of section 543(b) as a custodian under section 101(11)(A) of the Bankruptcy Code.  (Adv. Dkt. No. 70 at p. 8.)

On December 2, 2021, Edutec renewed its motion for preliminary injunction, which the defendants opposed.  (Adv. Dkt. Nos. 93 & 99.)  A hearing was held on December 13, 2021, during which the court "advance[d] the trial on the merits and consolidate[d] with the hearing" as to all counts of the amended complaint other than the violation of stay and fraudulent transfer counts, pursuant to Rule 65(a)(2) made applicable to this adversary

---

[2] A prior motion for turnover of property was denied on procedural grounds. (Adv. Dkt. Nos. 39 & 40.)

[3] A more complete summary of the procedural history leading up to the first preliminary injunction hearing can be found in the court's opinion and order, dated November 18, 2021.  (Adv. Dkt. No. 70.)

proceeding under Federal Bankruptcy Rule 7065. (Adv. Dkt. No. 102.) At the conclusion of the hearing, the court took the matter under advisement. Id.

In an opinion and order dated December 22, 2021, the court entered partial judgment in favor of Edutec on the counts for declaratory judgment that the funds constitute property of the estate under section 541, avoidance under section 547 and 550, as well as turnover of property under sections 542 and 543. (Adv. Dkt. Nos. 104 & 105.) Further, the court ordered the Clerk of the Bankruptcy Court to disburse $161,262.92 to Edutec from the court's registry account and dismissed the amended complaint as to the Puerto Rico court defendants. Id. The partial judgment also dismissed as moot the count for avoidance under section 548. Id.

On December 29, 2021, the remaining defendants appealed to the Bankruptcy Appellate Panel for the First Circuit (the "BAP"). (Adv. Dkt. No. 109.) The appeal was later voluntarily dismissed, however, on March 18, 2022. (Adv. Dkt. Nos. 157 & 158.)

On January 13, 2022, Atue and the Cordero Badillo defendants filed a motion to dismiss the remaining counts of the amended complaint for violation of the automatic stay and damages stemming therefrom. (Adv. Dkt. No. 134.) Edutec filed its opposition on February 18, 2022. (Adv. Dkt. No. 152.)

### III.    Motion to Dismiss Standard Under Rule 12(b)(6).

Rule 8(a)(2), made applicable to adversary proceedings by Bankruptcy Rule 7008, requires a plaintiff to include in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Failure to do so is grounds for dismissal under Rule 12(b)(6). 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1356 (4th ed. 2020).

In deciding a motion under Rule 12(b)(6), made applicable to adversary proceedings by Bankruptcy Rule 7012(b), the court must take a two-step approach. First, courts "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Second, courts "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 675 (citing Twombly, 550 U.S. at 555).

"[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Iqbal, 556 U.S. at 663-64. However, when evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely.'" Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1,13 (1st Cir. 2011) (citing Twombly, 550 U.S. at 556).

**IV.    Factual Allegations Accepted As True for Rule 12(b)(6) Analysis.**

For purposes of the Rule 12(b)(6) analysis, the court takes the following factual allegations from the amended complaint as true:

Pre-petition, on July 21, 2020, the Court of First Instance, Bayamon Superior Court, issued judgment against Edutec in the amount of $470,626.98 in case no.: D CD 2018-0192,

5

<u>Atue Real Estate S.E. v. Edutec, Inc., Educational Technical College, Inc. et al.</u> (Adv. Dkt. No. 17 at ¶10.)  On or about July 6, 2021, Atue requested execution of its judgment, and the Bayamon court issued a writ for the execution of judgment on July 13, 2021.  (Adv. Dkt. No. 17 at ¶11.)  Five days prior to the filing of the bankruptcy petition, on August 4, 2021, Atue garnished several bank accounts held by Edutec at Banco Popular de Puerto Rico.  (Adv. Dkt. No. 17 at ¶12.)  The garnishment was executed by the marshal for the Bayamon Superior Court.  <u>Id.</u>

On August 9, 2021, Edutec filed for bankruptcy.  (Adv. Dkt. No. 17 at ¶18.)  The following day, on August 10, 2021, Edutec informed Atue's local court counsel of the bankruptcy filing and requested the return of the garnished funds.  (Adv. Dkt. No. 17 at ¶19.)  On August 16, 2021, that attorney informed Edutec that Atue had retained separate bankruptcy counsel and that future communications should be directed to him.  (Adv. Dkt. No. 17 at ¶20.)

On August 18, 2021, Edutec filed this adversary proceeding against Atue to obtain the garnished funds.  (Adv. Dkt. No. 17 at ¶21.)   On August 31, 2021, the bankruptcy counsel informed Edutec that he had, in fact, not been engaged to represent Atue in the bankruptcy proceedings, directing Edutec back to Atue's local court counsel. (Adv. Dkt. No. 17 at ¶23.)

On September 14, 2021, Edutec again contacted Atue's local court counsel to try to resolve the matter, but Atue did not respond. (Adv. Dkt. No. 17 at ¶24.) In its communications, Edutec emphasized to Atue the importance of the funds to Edutec's continued operations. (Adv. Dkt. No. 17 at ¶24.)  Edutec's  efforts to resolve the matter, however, proved "fruitless." (Adv. Dkt. No. 17 at ¶¶21-22.)

On September 27, 2021, a different counsel appeared on Atue's behalf in the adversary

6

proceeding and requested a 45-day extension to answer the complaint or otherwise plead. (Adv. Dkt. No. 9.)  This request was granted by the court.[4]  (Adv. Dkt. No. 10.)

In its opposition to the motion to dismiss, Edutec states that the parties met on September 30, 2021, during which Atue represented that it controlled the funds.  (Adv. Dkt. No. 152 at p. 7.) Edutec states that during this meeting counsel for Atue proposed to turnover a portion of the funds to the debtor.  (Adv. Dkt. No. 152 at p. 7.)

However, on October 5, 2021–more than 60 days after Edutec first contacted Atue seeking the return of the funds and contradicting its prior representation–Atue informed Edutec for the first time that it did not possess the garnished funds and that the funds were being held in the local court.  (Adv. Dkt. No. 17 at ¶¶26-27.)  This led Edutec to file the amended complaint on October 6, 2021, adding the Puerto Rico court defendants and the count for turnover of property by a custodian under section 543.  (Adv. Dkt. No. 17.)  It also had the effect of further delaying the proceedings, since the filing of the amended complaint triggered an obligation for Edutec to obtain new summons and granted the defendants a new 21-day term to answer or otherwise respond.  This delay, which Edutec alleges was obtained in bad faith by Atue and the Cordero Badillo defendants, Atue's managing partner, disrupted Edutec's ability to continue operations. (Adv. Dkt. No. 17 at ¶28.)

In its opposition to the motion to dismiss, Edutec informs that it moved the local court for the return of the garnished funds on October 14, 2021, and that Atue opposed, arguing that the local court did not have jurisdiction to consider Edutec's request due to the bankruptcy

---

[4]Edutec filed a motion to set aside the court's order, although this objection was essentially rendered moot by the subsequent filing of the amended complaint on October 6, 2021.  (Adv. Dkt. Nos. 13 & 17.)

filing and the protections of the automatic stay.  (Adv. Dkt. No. 152 at p. 9.)  Meanwhile, Atue took the position in the bankruptcy proceeding that the bankruptcy court could not order the funds to be turned over to Edutec since the matter was still pending in local court.  (Adv. Dkt. No. 152 at p. 9.) See Adv. Dkt. No. 54 at p. 10.  ("Plaintiff's [u]rgent [m]otion [in the local court proceedings] is still pending adjudication by the Court of First Instance for the Commonwealth of Puerto Rico . . . . Consequently, a determination from this Court might result in conflict with the ultimate state court's ruling.")

On November 8, 2021, Atue requested a 21-day extension to answer the amended complaint, to which Edutec objected.  (Adv. Dkt. Nos. 46 & 47.)  On November 12, 2021, the Cordero Badillo defendants appeared in the adversary proceeding through counsel and requested a 30-day extension to respond to the amended complaint.  (Adv. Dkt. Nos. 58 & 59.) Both requests for extension were granted by the court.  (Adv. Dkt. No. 90.)

Atue and the Cordero Badillo defendants continued to oppose Edutec's requests for the turnover of the garnished funds, and evidentiary hearings were held on November 15, 2021, after which Edutec's request was denied (Adv. Dkt. Nos. 70 & 78), and December 13, 2021, after which Edutec's request was granted and partial judgment entered.  (Adv. Dkt. Nos. 104, 105, & 125.)

Following the entry of partial judgment in favor of Edutec on December 22, 2021, the defendants appealed to the BAP and filed an urgent motion to stay pending appeal before the bankruptcy court.  (Adv. Dkt. Nos. 104 & 110.)  The bankruptcy court denied the motion for a stay pending appeal on January 10, 2022, but granted a temporary stay until February 7, 2022 to allow the defendants time to seek a stay from the BAP.  (Adv. Dkt. No. 131.)  The

defendants' request before the BAP was denied on February 2, 2022 due to a failure to establish the likelihood of success of the merits.  (Adv. Dkt. No. 144.)  While the defendants characterized the facts of the case as "novel" and a "matter of 'first impression,'" the BAP disagreed, stating:

> The Appellants . . . do not identify the facts which they claims are "disputed," "complex," and "novel," nor do they identify the legal issues they contend are "unsettled"or matters of "first impression." On the contrary, the facts are relatively simple, and the law governing turnover and preference actions–even in the area of garnished funds–is well settled.

(Adv. Dkt. No. 144 at p. 14.)  The defendants later voluntarily dismissed the appeal. (Adv. Dkt. No. 157.)

Ultimately, the garnished funds were turned over to Edutec on February 10, 2022. (Adv. Dkt. No. 150.)  The delays in receiving these funds, which Edutec alleges are due to the defendants' dilatory tactics, significantly impacted the debtor since the garnished funds represent Edutec's entire operating budget.  Without those funds, Edutec was unable to meet its "basic operating needs" including paying its teachers' salaries, rent, and utilities, among other things.   (Adv. Dkt. No. 17 at ¶25.)

**V.      Legal Analysis**.

The automatic stay under  section 362(a) is one of the basic protections afforded to a debtor under the Bankruptcy Code.  When a debtor files a bankruptcy petition, his or her property is immediately protected by an automatic stay that prohibits, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]"  11 U.S.C. § 362(a)(3).  And, property of the estate is broadly defined as encompassing any property to which the estate has some right.

See 11 U.S.C. § 541. The automatic stay is extremely broad in scope and "applies to almost any type of formal or informal action taken against the debtor or the property of the estate." 3 Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 362.03 (16th ed. 2022). "[T]he automatic stay imposes on non-debtor parties an affirmative duty of compliance." Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2010). And, "courts must display a certain rigor in reacting to violations of the automatic stay." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975-76 (1st Cir. 1997).

In its motion to dismiss, Atue and the Cordero Badillo defendants argue that the amended complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) since it does not allege that the defendants took any post-petition actions to "obtain possession" or "exercise control" over the garnished funds. (Adv. Dkt. No. 134 at p. 7.) The defendants maintain that they never had "possession, custody, or control" of the funds in question since the funds were garnished by the marshal for the local court prepetition and were later transferred to the bankruptcy court's registry account on the undersigned's order. (Adv. Dkt. No. 134 at p. 6.) Even if the court were to find that the defendants did possess or control those funds, the defendants argue that they never took any action as to the funds following the filing of the bankruptcy petition, citing to the United States Supreme Court's recent opinion in City of Chicago v. Fulton, 141 S. Ct. 585 (2021), which held that "mere retention of estate property after the filing of a bankruptcy petition does not violate [section]

362(a)(3)." Id. at 592. The defendants also argue that since Edutec is a corporate debtor, it is not eligible for relief under section 362(k).[5]

Edutec contends that the Fulton case is distinguishable. Specifically, the debtor argues that rather than simply "retaining estate property," the defendants here have–in bad faith–engaged in dilatory litigation tactics in both the local and bankruptcy courts to hinder the return of the garnished funds to Edutec, significantly affecting the debtor's ability to continue operations as it attempts to reorganize. (Adv. Dkt. No. 152 at pp. 14-20.) Edutec also points out that the amended complaint cites to section 105(a) as the basis for damages for the violation of the automatic stay, not section 362(k). (Adv. Dkt. No. 152 at pp. 20-21.)

As an initial matter, the court can dispose quickly of the defendants' last argument. It is true that the First Circuit has held that "non-individual debtors, including corporations, may only recover for stay violations under the contempt powers of the bankruptcy court through section 105(a)." Empresas Martinez Valentin Corp. v. PC P.R. LLC (In re Empresas Martinez Valentin Corp.), 2017 Bankr. LEXIS 941, at *22-*23 (Bankr. D.P.R. Apr. 4, 2017) (citing Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.), 346 F.3d 1 (1st Cir. 2003)). The amended complaint, however, complies with this case law, citing to section 105(a) as the basis for its damages claim, not section 362(k) as the defendants assert.

Turning to the thrust of the parties' arguments, the court does not find persuasive the defendants' reliance on Fulton. In that case, the United States Supreme Court held that the City of Chicago did not exercise control over property of the estate in violation of the stay when it

---

[5]/ While a portion of the defendants' motion to dismiss also addresses the count for avoidance under section 548 (Adv. Dkt. No. 134 at pp. 11-13), as stated above the court already dismissed this count as moot in its December 22, 2021 partial judgment. (Adv. Dkt. No. 105.)

11

refused to turn over impounded vehicles post-petition. Id. at 589-90. In so finding, the Court stated that "the language of § 362(a)(3) implies that something more than merely retaining power is required to violate the disputed provision." Id. at 590. Instead, section 362(a)(3) "prohibits affirmative acts that would disturb the status quo of estate property as of the time when the bankruptcy petition was filed." Id.

Following Fulton, the Bankruptcy Appellate Panel for the Ninth Circuit addressed similar circumstances to the present case: a creditor's obligation under section 362(a) with regard to pre-petition garnishments of a debtor's bank account. Stuart v. City of Scottsdale (In re Stuart), 632 B.R. 531, 534 (B.A.P. 9th Cir. 2021). In that case, the City of Scottsdale garnished several of debtor's bank accounts prior to his bankruptcy filing, and the debtor argued that the automatic stay mandated that the City lift the garnishments immediately. Id.

The Stuart court found that the City of Scottsdale did not violate section 362(a)(1), (2), (3), or (6) when it declined to move to quash the pre-petition garnishments since it had taken the proper steps to stay the non-bankruptcy case and stated on multiple occasions that it had no objection to the release of the frozen funds to the debtor. Id. Emphasizing that the City took no action post-petition to "obtain possession" of the funds, but simply did not "affirmatively release the frozen bank account funds," the Court found that the City was "merely preserv[ing] the status quo." Stuart, 632 B.R. at 542-43.

Here, the court finds that the allegations of the amended complaint rise above the level set in Fulton and Stuart. Whereas in Stuart the creditor moved quickly to stay the non-bankruptcy case and did not impede the release of the garnished funds back to the debtor, in this case Edutec is alleging that the defendants purposely misled the debtor for more than 60

12

days by representing that Atue was in possession of the garnished funds, including in settlement negotiations, when in fact it was not and had never been. Edutec also asserts that the defendants took contradictory positions in the local court and bankruptcy proceedings regarding which court had the authority to decide whether the funds should be turned over to Edutec, also in an effort to further delay the resolution of the matter. Third, Edutec asserts that the defendants employed vexatious litigation tactics throughout the bankruptcy proceedings, including asking for multiple extensions of time to respond to the pleadings, and forcing the debtor to endure several evidentiary hearings, an appeal to the BAP, and motions to stay the bankruptcy proceedings pending an appeal in which the BAP found the defendants failed to establish a strong likelihood of success on the merits. (Adv. Dkt. No. 144 at p. 21.)

In the context of a motion to dismiss, where the court must take all well-pled facts as true and draw all reasonable inferences in the plaintiff's favor, Schatz, 669 F.3d at 55, the court finds that the tactics allegedly employed by the defendants in both this bankruptcy proceeding and the local court case go beyond "merely preserv[ing] the status quo" and are sufficiently distinct from the actions taken by the City of Scottsdale in a similar situation. The allegation that the defendants purposely misled Edutec about the whereabouts of the garnished funds is concerning, especially given that the funds allegedly equaled the debtor's operating budget and therefore any delay in retrieving the funds would impact Edutec's ability to continue operating while in bankruptcy. While the parties mostly focus section 362(a)(3) in their

13

papers, the same analysis applies to Edutec's claims under section 362(a)(1) and (a)(2).[6] See Stuart, 632 B.R. at 541-44.

In light of the foregoing, the court denies the defendants' motion to dismiss.

**VI.    Conclusion.**

Based on the foregoing, the court hereby denies the motion to dismiss at docket number 134.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of August 2022.

                                        Edward A. Godoy
                                        U.S. Bankruptcy Judge

---

[6]The amended complaint does not reference section 362(a)(4)-(6), nor do the parties address those subsections in their papers.  Accordingly, the court limits its analysis to subsection 362(a)(1)-(3).